**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**FREDERICK WILLIAMS,**
Plaintiff,

v. 2:26-cv-2288-KCD-NPM

**WALMART STORES EAST, LP,**
Defendant.

---

## ORDER

On July 3, 2025, plaintiff Frederick Williams initiated this slip-and-fall action against defendant Walmart Stores East, LP in state court. (Doc. 2). Walmart initially removed the action in September of 2025, but we remanded because the amount in controversy was insufficient. (Doc. 1 at 2). Undaunted, Walmart removed the action again in August of 2026. (Doc. 1). So, we have another motion to remand. (Doc. 9). Under 28 U.S.C. § 1446(c)(1), a case brought through diversity jurisdiction may not be removed more than one year after the commencement of the action absent a showing of bad faith. This action was removed a year after initiation and Walmart has failed to show any bad faith. So, the motion to remand is granted.

Because federal courts are courts of limited jurisdiction, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Moultrop v. GEICO General Ins. Co.*, 858 F. Supp. 2d 1342, 1344 (S.D. Fla. 2012) (citations omitted). As such, the one-year deadline for removals under § 1446(c)(1) is rigidly enforced.

*See Hawkinson v. State Farm Mutual Automobile Inc. Co.*, 325 F. Supp. 3d 1293, 1297 (M.D. Fla. 2018). Only "direct evidence that the plaintiff acted solely for the purpose of preventing the defendant from removing the case to federal court" can overcome the one-year deadline. *Madeira Condominium Association, Inc. v. Chubb Custom Ins. Co.*, 785 F. Supp. 3d 1153, 1156 (M.D. Fla. 2025) (quotations and alterations omitted); 28 U.S.C. § 1446(c)(1). When considering bad faith compared to valid litigation strategies, courts consider the extent to which the plaintiff engaged in intentional conduct to deliberately delay the defendant's ability to remove the case. *Madeira*, 785 F. Supp. 3d. at 1156-1157.

Since this is an action in diversity and "[a] removing defendant bears the burden of proving proper federal jurisdiction," defendant Walmart must show that Williams engaged in bad faith acts to obstruct removal. (Doc. 1 at 1); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). To that end, Walmart asserts that Williams has deliberately frustrated a timely removal by waiting until after the one-year deadline to disclose medical bills that put more than $75,000 in controversy. (Doc. 12 at 5-6). This contention does not withstand scrutiny. An email from January 19, 2026 shows that Walmart knew Williams would be undergoing surgery. (Doc. 1-3 at 3). Williams had surgery on June 23, 2026, about ten days shy of the one-year mark. (Doc. 12 at 3). Williams then provided surgical records and

bills to Walmart on July 10, only seventeen days after the surgery and on the same day Williams counsel obtained them. (Doc. 9 at 3).

Walmart's only contention supporting its bad faith claim is that it received no responses to two emails it sent in January and March inquiring about Williams's treatment and potential surgery. (Doc. 12 at 3). Walmart does not show that Plaintiff failed to timely respond to a discovery request and does not suggest that Williams hindered the production of records or testimony from any non-party. Walmart was aware that Williams would likely undergo surgery and had countless ways to learn about the likely costs to enable it to properly remove the case to federal court prior to the one-year deadline. Given the record above, Walmart failed to show bad faith by the Williams.

Given the record above, Walmart fails to show the requisite bad faith. Since the latest removal occurred over one year after the statutory limitations of § 1446(a) and Walmart failed to satisfy the bad-faith exception, Williams's motion (Doc. 9) is **GRANTED.**[1] If no Rule 72(a) objection is filed within 14 days, the clerk will be directed to remand the action.

---

[1] "Notwithstanding any provision of law to the contrary," the disposition of any issue by a magistrate judge may be reviewed by a district judge. 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 154 (1985) (magistrate-judge orders are reviewable even when no party objects to them). So, while a remand order by a district judge (or a magistrate judge presiding over a "consent case" under 28 U.S.C. § 636(c)) is generally "not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), a district judge may review a magistrate judge's remand order. *See Wyatt v.*

**ORDERED** on October 22, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge

---

*Walt Disney World, Co.*, No. 5:97-CV-116-V, 1999 WL 33117255, *5 (W.D.N.C. July 26, 1999) (holding that § 636(b)(1) trumps § 1447(d)).

Generally, parties who timely object to a magistrate judge's action are entitled to clear-error review. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72 advisory committee notes (explaining that Rule 72(a) objections correspond to matters referred under § 636(b)(1)(A), and Rule 72(b) objections correspond to matters referred under § 636(b)(1)(B)); *Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("The terms 'dispositive' or 'nondispositive' in Rule 72 do not create categories separate from the statute which Rule 72 implements."). There are eight exceptions; and to view the list as merely illustrative is to leave it to the courts to rewrite the statute and create a patchwork of inconsistent regimes throughout the country. *See* 28 U.S.C. § 636(b)(1)(A); *Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Americas*, 397 F. Supp. 2d 698, 701 (W.D.N.C. 2005) ("[T]he language of § 636(b)(1)(A) is exceedingly clear that a magistrate judge may 'hear and determine any pretrial matter pending before the court, except' a very specific list of eight matters. Congress would be hard-pressed to use language more clearly indicating its intent to create an exhaustive list than 'any…except.'").

A remand motion is not among the eight exceptions. *See Turnmeyer-Cook v. Winnebago Indus., Inc.*, No. 16-CV-3088-LTS, 2016 WL 6080202, *4 (N.D. Iowa Oct. 17, 2016) ("Congress explicitly set out matters that are not within the authority of a magistrate judge … remand is not among them"); *Franklin v. City of Homewood*, No. CIV. A. 07-TMP-006-S, 2007 WL 1804411, *3 (N.D. Ala. June 21, 2007) (same); *Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1275 (N.D. Ala. 2004) ("The court believes that the magistrate judge in this case was within the authority granted him by § 636(b)(1)(A) to order remand *as long as an opportunity was provided for any party to seek a Rule 72 review of the order.*") (emphasis added); *see generally* Peter J. Gallagher, In Search of A Dispositive Answer on Whether Remand Is Dispositive, 5 Seton Hall Circuit Rev. 303 (2009). Indeed, by only excepting Rule 12(b)(6) motions and not all Rule 12(b) motions, the federal-magistrate-judge statute (28 U.S.C. § 636) provides that magistrate judges may dispose of jurisdictional and venue motions—Rules 12(b)(1) through (3)—by order; and a remand motion likewise concerns forum-selection issues and not the merits of a claim or defense.

It appears that no federal circuit court has taken issue with a magistrate judge's remand order that explicitly protects the parties' rights to request district-judge review, as is done here. And judicial efficiency—the very object of § 636 and the mandate of Civil Rule 1—compels this approach. An order to which there is no objection requires no further work by the district judge, but a recommendation—even in the absence of any objection—does. *Cf. Thomas*, 474 U.S. at 148 (requiring district-judge review of a magistrate judge's finding despite the absence of any objection would be "an inefficient use of judicial resources"). As the court sagely observed in *Johnson*, 313 F. Supp. 2d at 1273: "Why should the district judge be involved at all if no party timely objects to the order of remand?"